**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gregory Devon Wages, | No. CV-17-04324-PHX-DJH |
| Petitioner, | **ORDER** |
| v. | |
| Charles L Ryan, et al., | |
| Respondents. | |

This matter is before the Court on Petitioner's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition") (Doc. 7). After a thorough review, Magistrate Judge Deborah M. Fine issued a Report and Recommendation ("R&R") finding the Petition untimely and recommending that it be dismissed with prejudice and that Petitioner's request for a certificate of appealability be denied (Doc. 27). Petitioner filed a timely Objection to the R&R ("Objection") (Doc. 28). For the following reasons, the Court will overrule Petitioner's Objection and adopt Judge Fine's R&R.

**I.      Background**

As no party objects to the R&R's factual background, the Court will accept and adopt it. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985) (noting that the relevant provision of the Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(C), "does not on its face require any review at all . . . of any issue that is not the subject of an objection"). The Court will summarize the relevant facts as stated in the R&R.

Petitioner was convicted of several crimes pursuant to guilty pleas in Maricopa

Country Superior Court and is currently confined in an Arizona prison. (Doc. 27 at 1–2). In August 2011, Petitioner timely filed a notice of post-conviction relief ("PCR"), but the appointed counsel indicated there were no colorable claims. (*Id.* at 3). Appointed counsel requested that Petitioner be allowed an extension of time to file the PCR petition *pro se*, which he did. (*Id.*) After reviewing the PCR petition, response, and the record, the trial court filed an order on April 11, 2013, denying the PCR petition. (*Id.*) "In denying the PCR petition, the trial court addressed every argument that Petitioner raised, including ineffective assistance of trial counsel." (*Id.*)

Once the trial court denied PCR relief on April 11, 2013, Petitioner had thirty-five days to seek review by the Arizona Court of Appeals, which was May 16, 2013. (*Id.* at 7). Petitioner concedes that he did not appeal this ruling. (Doc. 28 at 1–2). In September 2014 and September 2017, Petitioner filed a third and fourth PCR petition. (Doc. 27 at 4). Each was denied, in part because of preclusion. (*Id.* at 4–5). Petitioner filed his original Petition for Writ of Habeas Corpus in November 2017, (Doc. 1), and filed his Amended Petition in March 2018. (Doc. 7).

The R&R concluded that the Petition was barred by the Antiterrorism and Effective Death Penalty Act of 1996's ("AEDPA") statute of limitations. (Doc. 27 at 6–8). According to the R&R, the day after the appeal opportunity for the first PCR ended, Petitioner had one year in which to file a federal habeas petition. (*Id.* at 7). The R&R concluded that the statute of limitations expired on May 16, 2014, over three years before Petitioner filed his original November 2017 Petition for Habeas Corpus. (*Id.*)

Petitioner objects to the R&R's conclusion that no state action created an impediment to filing a timely habeas petition. (Doc. 28 at 5–6). He argues that case law demonstrates "an impediment created by the State in violation of the Constitution or laws of the United States." (*Id.* at 5). Because his legal rights were violated, Petitioner argues he "is excused from his late filing." (*Id.* at 9). Specifically, he argues that because he conducted his PCR petition *pro se*, he should be exempt "from technical adherence to procedural rules." (*Id.* at 8).

## II. Legal Standard

The district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (same). The judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3).

## III. Analysis

Before reaching the merits of a habeas petition, a court must address the "threshold issue" of whether a petition is barred by the statute of limitations. *White v. Klitzkie*, 281 F.3d 920, 921–22 (9th Cir. 2002). AEDPA has a one-year statute of limitations for an application for writ of habeas corpus by prisoners in custody pursuant to a state court judgment. 28 U.S.C. § 2244(d)(1). The limitation period runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* The R&R found that subsections (B), (C), and (D) did not apply to this case, and so the time at which the statute began to run was when Petitioner failed to appeal the trial court's April 13, 2013, denial of his PCR petition. (Doc. 27 at 6).

Petitioner cites several cases for the proposition that his *pro se* status during his state court proceedings constitutes "an impediment created by the state . . . ." (Doc. 28 at 3, 5, 8) (citing *Dixon v. Baker*, 847 F.3d 714, 717 (9th Cir. 2017) (reversing a district court's

decision to dismiss habeas petition, which was timely filed, and instead ordering that the district court enter a stay while petitioner exhausted other claims in state court); *Marshall v. Schriro*, 219 F. App'x 689, 690 (9th Cir. 2007) (reversing the district court's denial of a habeas petition, which was timely filed, because state courts never reached the merits of petitioner's claims); *Jackson v. Ryan*, 2017 WL 3390553, at *2 (D. Ariz. Aug. 7, 2017) (staying a habeas claim until state claims were properly exhausted); *Pacheco v. Ryan*, 2016 WL 7407242, at *10 (D. Ariz. Dec. 22, 2016) (conditionally granting habeas petition, which was timely filed)). Similar to Petitioner's claims, these cases entail habeas corpus petitions alleging ineffective assistance of counsel. Petitioner appears to cite these cases to show an impediment under 28 U.S.C. § 2244(d)(1)(B). But upon review, the Court finds that none of these cases consider issues related to the statute of limitations, and none of these cases permit Petitioner to invoke 28 U.S.C. § 2244(d)(1)(B). The R&R found that Petitioner did not cite any state action creating any such impediment. (Doc. 27 at 8). The Court likewise cannot find any state action in the record that prohibited Petitioner from timely filing his petition.

Petitioner also argues that the merits of his claim justify ignoring the statute of limitations. "[B]ecause Petitioner's Constitutional rights to counsel, due process and equal protection were violated, and those violations are integral portions of the calculus to determine tolling issues, Petitioner is excused from his late filing—this habeas proceeding is therefore timely." (Doc. 28 at 9). But Petitioner is not excused from this threshold issue because of the merits of his claim. *See White*, 281 F.3d at 921. Furthermore, to the extent that Petitioner implies equitable considerations require tolling the statute of limitations, he has failed to show any extraordinary circumstances that warrant tolling. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) ([A] pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling.").

Ultimately, the Court finds that because Petitioner did not seek to appeal the trial court's decision on his first *pro se* PCR petition, the statute of limitations began to run after

the opportunity to appeal closed. *See* 28 U.S.C. § 2244(d)(1)(A); *Hemmerle v. Schriro*, 495 F.3d 1069, 1074 (9th Cir. 2007) (finding that the statute of limitations runs when the time to seek review of a decision expires). Because the trial court issued its decision on April 11, 2013, the period in which Petitioner could have appealed ended May 16, 2013. *See* Ariz. R. Crim. P. 32.16(a) (stating that petitions for review must be filed within thirty days of a final decision); *id.* 1.3(a)(5) (allowing five days for mailing). The one-year period began on May 17, 2013, and it ended on May 16, 2014. *See Patterson v. Stewart*, 251 F.3d 1243, 1247 (9th Cir. 2001) (demonstrating how the year-limit is calculated). Petitioner's November 2017 filing is, therefore, barred by AEDPA's statute of limitations. *See* 28 U.S.C. § 2244(d)(1). This is a plain procedural bar to the Petition.

## IV. Conclusion

Based on the foregoing,

**IT IS HEREBY ORDERED** that Magistrate Judge Fine's R&R (Doc. 27) is **accepted** and **adopted**. Petitioner's Objections (Doc. 28) are overruled.

**IT IS FURTHER ORDERED** the Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 7) is **denied** and **dismissed with prejudice**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, a Certificate of Appealability and leave to proceed in forma pauperis on appeal are **denied** because dismissal of the Petition is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable.

**IT IS FINALLY ORDERED** the Clerk of Court shall enter judgment accordingly and terminate this action.

Dated this 17th day of March, 2021.

Honorable Diane J. Humetewa
United States District Judge